J-S78021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN MICHAEL SIMMS | |
| Appellant | No. 189 WDA 2016 |

Appeal from the PCRA Order January 5, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002610-2009
CP-65-CR-0002611-2009

*****************************************************************

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN MICHAEL SIMMS | |
| Appellant | No. 190 WDA 2016 |

Appeal from the PCRA Order January 5, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002610-2009
CP-65-CR-0002611-2009

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED NOVEMBER 10, 2016**

---

[*] Former Justice specially assigned to the Superior Court.

Shawn Michael Simms appeals *pro se* from the orders entered January 5, 2016, in the Court of Common Pleas of Westmoreland County, dismissing his Post Conviction Relief Act (PCRA) petition as untimely.[1] Simms challenges the legality of his mandatory minimum sentences, contending the PCRA court erred in dismissing his petition when (1) the new rule of law announced by the United States Supreme Court in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), is a "substantive rule" that applies retroactively in this case,[2] (2) the petition was filed within 60 days of when Simms learned of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015),[3] and (3) the PCRA

_____

[1] Simms filed the present PCRA petition at Docket Nos. 2610-2009 and 2611-2009. Following the denial of relief, Simms filed separate appeals, which this Court consolidated *sua sponte*. ***See*** Order, 3/14/2016.

The underlying petition is Simms' **first** PCRA petition at Docket No. 2610-2009. It is Simms' **second** petition at Docket No. 2611-2009. Simms' previously filed a timely PCRA petition at Docket No. 2611-2009. ***See Commonwealth v. Simms***, 68 A.3d 355 [1092 WDA 2012] (Pa. Super. 2013) (unpublished memorandum) (affirming PCRA court's denial of relief), *appeal denied*, 78 A.3d 1091 (Pa. 2013).

[2] ***Alleyne*** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Id.*** at 2160-61.

[3] In ***Hopkins***, the Pennsylvania Supreme Court held that 18 Pa.C.S. § 6317, which imposed a mandatory minimum sentence for delivery or possession with intent to deliver a controlled substance within 1,000 feet of a school was unconstitutional in its entirety, as certain provisions of the statute do not adhere to ***Alleyne's*** rule and are not severable from the remaining portions of the statute. ***Hopkins***, 117 A.3d at 262.

court, through the court's inherent power, always retains jurisdiction to correct a patently unconstitutional, and therefore illegal sentence. *See* Simms' Brief at 4; *see also* Simms' Pa.R.A.P. 1925(b) Statement, 3/21/2016. Based upon the following, we affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion. *See* PCRA Court Order of Court, 1/5/2016. *See also* *Commonwealth v. Simms*, 68 A.3d 355 [1092 WDA 2012] (Pa. Super. 2013) (unpublished memorandum) (affirming denial of relief on Simms' first PCRA petition at Docket No. 2611-2009), *appeal denied*, 78 A.3d 1091 (Pa. 2013). We simply note that, on September 29, 2010, Simms pleaded guilty at Docket Nos. 2610-2009 and 2611-2009, and was sentenced at both dockets on April 25, 2011.[4] Simms filed the present PCRA petition at the afore-mentioned dockets on August 7, 2015. Counsel was appointed and filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super.

_____

[4] At Docket No. 2610-2009, Simms pleaded guilty to failure to comply with registration of sexual offender requirements, and failure to provide accurate information when registering as a sexual offender. *See* 18 Pa.C.S. §§ 4915(a)(1), (a)(3), respectively.

At Docket No. 2611-2009, Simms pleaded guilty to various sexual offenses and related offenses, including three counts of involuntary deviate sexual intercourse with a person less than 16 years of age. *See* 18 Pa.C.S. § 3123(a)(7).

The trial court imposed a total aggregate sentence of 20 to 40 years' incarceration.

1988). On November 20, 2015, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. No response to the Rule 907 notice was filed by Simms, and the PCRA court, on January 5, 2016, dismissed the petition and granted counsel's petition to withdraw. Simms filed appeals at both dockets, and the appeal was consolidated by this Court.

The court did not order Simms to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed an opinion pursuant to Rule 1925(a) on February 26, 2016, incorporating its opinion of January 5, 2016, the Rule 907 notice. Subsequently, on March 21, 2016, Simms on his own initiative filed a Rule 1925(b) statement. On March 24, 2015, the PRCA court entered an order, stating the court had not requested a Rule 1925(b) statement because Simms had not responded to the Rule 907 notice when he had that opportunity, and, since the court had not requested Simms to file a concise statement and had already filed an opinion and order pursuant to Rule 1925(a), Simms' concise statement was untimely. *See* PCRA Order of Court, 3/24/2016.

Our standard of review is well established:

> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Taylor*, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-84 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). There are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here, Simms' judgment of sentence became final on June 27, 2011, upon the discontinuance of his direct appeals, which he had filed at Docket Nos. 2610-2009 and 2611-2009. *See* 42 Pa.C.S. § 9545(b)(3). *See also Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence final for PCRA purposes when appellant discontinues direct appeal). Simms filed the underlying PCRA petition on August 7, 2015. Therefore, Simms' petition is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1). *See also Commonwealth v. Taylor*, 65 A.3d 462 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."). Accordingly, there is no jurisdiction to review the petition unless a timeliness exception applies. *See* 42 Pa.C.S. 9545(b)(1)(i)-(iii).

In his PCRA petition, Simms raised the claim that his mandatory minimum sentences were illegal pursuant to *Alleyne*.[5] The PCRA court considered whether Simms had pleaded and proved that the PCRA's

---

[5] The PCRA court notes that "[t]he charges of Involuntary Deviate Sexual Intercourse with a Person Less than 16 years of Age in violation of 18 Pa.C.S.A. § 3123(a)(7) included a mandatory minimum sentence of ten (10) years' incarceration." PCRA Order of Court, 1/6/2016, at 2. The PCRA court further states: "In his PCRA petition, Simms alleges that he is eligible for relief under the Post Conviction Relief Act because the mandatory sentence imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) as applied to 18 Pa.C.S.A. § 3123(a)(7) violates the prohibition against the judicial enhancement of mandatory minimum sentences as set forth in Alleyne[.]" *Id.* at 4.

exception set forth at Section 9545(b)(1)(iii) applied to his claim, and concluded:

> Upon a review of the relevant case law, this court finds that <u>Alleyne</u> is not applicable to the present case. <u>Alleyne</u> was decided by the Pennsylvania Supreme Court on June 17, 2013 and does not apply retroactively to cases on collateral review, such as [Simms']. At the time <u>Alleyne</u> was decided, Simms' direct appeal had already been dismissed for nearly [two] years.

PCRA Court Order of Court, 1/5/2016, at 5. We find that the PCRA court properly rejected this claim.

Simms failed to file his present petition within 60 days of **Alleyne**, which was decided on June 17, 2013. **See** 42 Pa.C.S § 9545(b)(2). In addition, the Pennsylvania Supreme Court has definitively held that **Alleyne** does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence has become final. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Furthermore, there is no United States Supreme Court decision holding that **Alleyne** applies retroactively to untimely PCRA petitions. **Therefore**, Simms cannot rely upon **Alleyne** to satisfy the "retroactive constitutional right" exception, 42 Pa.C.S. § 9545(b)(1)(iii).

Lastly, even if we consider the claims raised by Simms in his untimely concise statement and presented in this appeal, no relief is due. Simms contends that in **Alleyne**, the United States Supreme Court created a "new rule" of "substantive law" that must apply retroactively to cases on collateral review. Moreover, Simms claims **Hopkins** provides "implied retroactivity."

*See* Simms' Brief at 8, 26. In making these arguments, Simms invokes the PCRA's "newly discovered facts" exception, 42 Pa.C.S. § 9545(b)(1)(ii), asserting that his sentence became illegal when the Pennsylvania Supreme Court decided **Hopkins, supra**. He further claims that the PCRA court, through the court's inherent power, retains jurisdiction to correct an illegal sentence. These very same arguments, however, were recently rejected by this Court in **Commonwealth v. Whitehawk**, ___ A.3d ___, [2016 PA Super 185] 2016 WL 4473779 (Pa. Super. August 24, 2016).

In sum, because Simms' PCRA petition is untimely and Simms has failed to satisfy any statutory exception to the PCRA time bar that would excuse the late filing of this petition, we affirm the PCRA court's orders of dismissal.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2016